

ENTERED
09/02/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| KIM RANDALL ENLOE § | CASE NO: 14-36358 |
| Debtor(s) § | |
| § | CHAPTER 7 |

## MEMORANDUM OPINION

Sharron and Stephen Waszkiewicz seek an award of $ $20,099.32 in fees and expenses for making a substantial contribution in this case. (ECF No. 107). Although there is no question that Sharron and Stephen Waszkiewicz made a substantial contribution, their efforts are not compensable. Accordingly, their motion must be denied.

### Background

Kim Enloe filed a petition under chapter 7 of the Bankruptcy Code on November 14, 2014. In his schedules, Enloe identified Sharron and Stephen Waszkiewicz as his largest creditors, with an unsecured claim totaling $100,868.13. The Waszkiewiczes filed an objection to Enloe's claimed homestead exemption of $155,600 pursuant to 11 U.S.C. § 522(o).

The Waszkiewiczes proved by a preponderance of the evidence that Enloe transferred $195,000 of non-exempt assets into his homestead with the intent to hinder, delay, or defraud creditors.

Accordingly, the Court held that Enloe's homestead exemption should be reduced to 36.1% of the proceeds from the sale of his home, up to the $155,675.00 limit set by 11 U.S.C. § 522(p).

### Fee Application and Objection

Following their victory in the exemption dispute, the Waszkiewiczes filed a fee application requesting the allowance and reimbursement of administrative expenses comprised of

attorney's fees and expenses incurred by them in making a substantial contribution to the Estate. Their application was filed under 11 U.S.C. § 503(b). It is undisputed that the only assets in the Estate come from the sale of the homestead. The Waszkiewiczes request fees for 68 hours devoted to the objections prior to the May 14, 2015 hearing, less the hours expended on an unsuccessful objection. The Waszkiewiczes also request fees for the time devoted to the objections following the hearing, through September 28, 2015. The Trustee objected to the Waszkiewiczes' fee application, asserting that a creditor in a chapter 7 case may not recover fees and expenses as an administrative expense under § 503(b), despite having made a substantial contribution.

## The Parties' Arguments

After a hearing on the fee application, the court requested briefing on the applicability of *Baker Botts, LLP v. ASARCO* and whether 11 U.S.C. § 503(b)(3)(D) constitutes a fee shifting statute displacing the "American Rule." The Waszkiewiczes assert that administrative expenses incurred in making a substantial contribution to a chapter 7 case are not impliedly excluded from § 503(b)(3)(D). The Waszkiewiczes argue that *ASARCO* does not apply because it considered § 330(a)(1), whereas the Waszkiewiczes' case is governed by § 503(b)(3)(D). Furthermore, the Waszkiewiczes argue that § 503(b)(4) is a fee-shifting statute containing a specific and explicit provision for the allowance of attorney's fees. The term "including," makes the statute non-limiting; therefore, there is no express exclusion of chapter 7 expenses for a substantial contribution and the American Rule may be displaced.

The Trustee contends that the statute does not contain a specific or explicit provision for the allowance of attorney's fees because § 503(b)(3)(D) only refers to chapter 9 or 11 cases. Because the American Rule prevents shifting costs absent explicit statutory authority, and the

statute does not expressly authorize the allowance of a creditor's expenses for substantially contributing to a chapter 7 case, the Trustee argues that the Court should not grant the Waszkiewiczes' request for fees.

### The American Rule and § 503(b)

The American Rule serves as a guiding principle when a court considers applying a fee-shifting statute. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The American Rule says that litigants are responsible for their own attorney's fees, whether they win or lose, unless a statute or contract provides otherwise. *Id.* Statutes that appear to deviate from the common law are to be read with a presumption favoring the retention of long-established legal principles. *Id.* Therefore, courts will not deviate from the American Rule absent explicit statutory authority. *Id.* Courts recognize departures from the American Rule only if there are specific and explicit provisions for the allowance of attorney's fees. *Id.* In this case, the Waszkiewiczes' claim administrative fees under 11 U.S.C. § 503(b). That statute reads:

> § 503. Allowance of administrative expenses
>
>> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>>
>>> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by--
>>>
>>>> (A) a creditor that files a petition under section 303 of this title;
>>>>
>>>> (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
>>>>
>>>> (C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
>
> (E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian; or
>
> (F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee;
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b).

The Waszkiewiczes' claim attorney's fees generally under § 503(b), and, specifically, claim fees under § 503(b)(3)(D) and § 503(b)(4). Courts interpreting the statute have described subsections § 503(b)(3)(D) and § 503(b)(4) as "an accommodation between the twin objectives of encouraging meaningful creditor participation in the reorganization process, and keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors." *In re Alumni Hotel Corp.*, 203 B.R. 624, 630 (Bankr. E.D. Mich. 1996), *as amended* (Dec. 30, 1996) (internal citations omitted) (citing *Lebron v. Mechem Fin. Inc.,* 27 F.3d 937, 944 (3d Cir. 1994)).

Courts traditionally strictly construe § 503(b) because administrative expenses under this statute are priority claims paid directly from the bankruptcy estate and thereby reduce the funds available to other creditors. *In re Alumni Hotel Corp.*, 203 B.R. at 630. However, there is broad consensus that the categories listed under § 503(b) as allowable categories of administrative expenses are not exhaustive. *See, e.g., In re Al Copeland Enters.,* 991 F.2d 233, 239 (5th Cir. 1993); *United States v. Ledlin (In re Mark Anthony Constr., Inc.),* 886 F.2d 1101, 1106 (9th Cir. 1989); *In re T.A. Brinkoetter & Sons, Inc.,* 467 B.R. 668, 670 (Bankr. C.D. Ill. 2012); *Pergament v. Maghazeh Family Trust (In re Maghazeh),* 315 B.R. 650, 654 (Bankr.E.D.N.Y.2004) (*Cited in In re Connolly N. Am., LLC*, 802 F.3d 810, 816 (6th Cir. 2015)). Although § 503(b) is not exhaustive, when fee shifting is involved, the Court must be circumspect. Absent specificity, fee shifting is impermissible. *ASARCO*, 135 S. Ct. at 2164.

### Analysis

The threshold question the Court must address in order to determine whether the Waszkiewiczes' fee application may be granted is whether the Waszkiewiczes' expense is allowable under § 503(b)(4). By 503(b)(4)'s express terms, an attorney's fee may only be awarded if the creditor represented by the attorney was eligible for an award under § 503(b)(3):

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including
>
> > (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant .

11 U.S.C. § 503(b)(4).

Case 14-36358   Document 129   Filed in TXSB on 09/01/16   Page 6 of 7

**§ 503(b)(3)(D)**

Although § 503(b)(4) references subsections (A) through (E) of § 503(b)(3), only subsection (D) is relevant here:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including
>
>> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>>
>>> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title.

11 U.S.C. § 503 (b)(3)(D).

As set forth above, it is undisputed that the Waszkiewiczes made a substantial contribution to this case. The sole issue is whether a creditor's fees can be shifted in a *chapter 7* case.

The Court examines the text of the statute to determine whether it is permissible to apply § 503(b)(D) in a case under chapter 7. The text of the statute references only chapters 9 and 11. Because the text does not authorize fee shifting in chapter 7, the inquiry could end there. *ASARCO*, 135 S. Ct. at 2164.

Nevertheless, for the purpose of completeness, the Court examines the statue in accordance with normal principles of statutory construction. When a statute contains a specific reference to specified categories (i.e., chapters 9 and 11), it should ordinarily be read to exclude other categories. *See In re Hackney*, 351 B.R 179, 205 (N.D. Ala. 2006) ("[Congress's] limitation in section 503(b)(3)(D) to cases under Chapter 9 and Chapter 11 is a clear indication

6 / 7

that it did not intend such an administrative expense to be allowed in Chapter 7 cases"). Additionally, when a statute provides specificity, the specific should govern the general. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2070–71 (2012). This is particularly true where Congress has enacted a comprehensive statutory scheme. *Id.* In the context of § 503(b)(3)(D), the general authorization provided by the expansive term "including" is limited by the specific authorization of the phrase "in a case under chapter 9 or 11 of this title." The Court will not render the specific authorization superfluous by allowing the general to control.

**§ 503(b)(4)**

Because § 503(b)(3) does not apply in a chapter 7 case, the Waszkiewiczes are not entitled to fee shifting under § 503(b)(4).

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

**SIGNED September 1, 2016.**

																_____
																Marvin Isgur
																**UNITED STATES BANKRUPTCY JUDGE**